1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11

12   HENRIK ZARGARIAN,            )   CV 18-4857-RSWL-PLA
                                  )
13            Plaintiff,          )
                                  )   **ORDER re: Defendant BMW**
14                                )   **of North America, LLC's**
         v.                       )   **Motion for Review of**
15                                )   **Nondispositive Ruling of**
                                  )   **Magistrate Judge re**
16   BMW of NORTH AMERICA, LLC    )   **Order on Motion to**
     et al,                       )   **Compel** [43]**; Plaintiff's**
17                                )   ***Ex Parte* Application for**
                                  )   **Order for Continuing**
18            Defendants.         )   **Case Schedule Dates and**
                                  )   **Deadlines** [59]
19                                )
                                  )
20   _____)

21        Plaintiff Henrik Zargarian ("Plaintiff") brings

22   this Action for violations of the Song-Beverly Consumer

23   Warranty Act and fraud against Defendant BMW of North

24   America, LLC ("Defendant BMW NA") and Defendant Pacific

25   BMW (collectively, "Defendants").  Currently before the

26   Court is Defendant BMW of North America, LLC's Motion

27   for Review of United States Magistrate Judge's Order to

28   Compel the Deposition of Michael Murray and Further

                                 1

Responses to Discovery Requests [43] ("Motion for Review") and Plaintiff's *Ex Parte* Application for Order for Continuing Case Schedule Dates and Deadlines [59] ("Application to Continue").  Having reviewed all papers submitted, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **DENIES** Defendant's Motion for Review and **GRANTS** Plaintiff's Application to Continue.

**I. BACKGROUND**

**A.  <u>Factual Background</u>**

On or about June 18, 2014, Plaintiff purchased a 2011 BMW 750LI ("Vehicle"), which was manufactured and distributed by Defendants.  Compl. ¶ 7, ECF No. 1-1. In connection with Plaintiff's purchase of the Vehicle, Defendants provided an express written warranty by which it undertook to preserve or maintain the utility or performance of the Vehicle, or to provide compensation if there was failure of such performance within a specified amount of time.  <u>Id.</u> ¶ 8.

During the warranty period, Plaintiff alleges that the Vehicle contained or developed several engine defects, battery defects, oil consumption defects, fuel injector defects, and timing chain defects.  <u>Id.</u> ¶ 9. The Oil Consumption Defect is allegedly a "safety concern because it prevents the engine from maintaining the proper level of engine oil and causes voluminous oil consumption that cannot be reasonably anticipated or expected."  <u>Id.</u> ¶ 39.  The defect can cause engine failure at any time, "thereby exposing the

2

driver, . . . passengers, and others on the road to serious risk of accident and injury." Id.

Plaintiff alleges that Defendant BMW NA and its representatives, after a reasonable number of opportunities, were unable to service the Vehicle to conform to the warranty. Id. ¶ 10. Defendants did not promptly replace the Vehicle, provide restitution, or buyback the Vehicle. Id. ¶¶ 10-11.

Plaintiff also alleges that Defendants knew or should have known of the Vehicle's defects, but failed to disclose this information to Plaintiff before he acquired the Vehicle. Id. ¶ 41. Defendants became aware of the defects through sources not available to consumers such as Consumer Reports, customer complaints, pre-release testing data, and aggregate data from BMW dealers. Id. ¶¶ 42, 38, 43, 53.

Plaintiff contends that, had he known the Vehicle's engine was defective, he would not have purchased it. Id. ¶ 63.

**B. <u>Procedural Background</u>**

Plaintiff filed his Complaint [1-1] on December 27, 2019.[1] The Complaint alleges six claims: (1) violation of Civil Code section 1793.2, subdivision (d); (2) violation of Civil Code section 1793.2, subdivision (b); (3) violation of Civil Code section 1793.2, subdivision (a)(3); (4) breach of express warranty; (5)

---

[1] Plaintiff filed his original Complaint against BMW NA and Pacific BMW. Pacific BMW has been dismissed from this Action.

breach of the implied warranty of merchantability; and (6) fraud. Compl. ¶¶ 7-67. On February 20, 2018 Defendants filed their Answer [1-2]. Subsequently, Defendants timely removed [1].

On September 23, 2019, Magistrate Judge Paul L. Abrams granted [41] Plaintiff's Motion to Compel the Deposition of Michael Murray and Further Responses to Discovery Requests ("Order on Motion to Compel" or "Order").

On October 4, 2019, Defendant BMW NA filed the instant Motion for Review of Nondispositive Ruling of Magistrate Judge re Order on Motion to Compel [43]. Plaintiff timely opposed [52], and Defendant BMW NA timely replied [54]. The Magistrate Judge granted [51] Defendant BMW NA's Motion to Stay pending Motion for Review [48] on October 15, 2019.

The Court granted Defendant BMW NA's Motion for Judgment on the Pleadings as to Plaintiff's Sixth Claim for Fraud [57] on October 23, 2019.

Defendant BMW NA also filed an Application for Leave to File Documents Under Seal and Sanctions [55] on October 22, 2019 pertaining to the reports attached to Plaintiff's Opposition to the instant Motion. Plaintiff opposed [56] on October 23, 2019. This Court granted Defendant's request [63] on October 29, 2019.

On October 28, 2018, Plaintiff filed the instant *Ex Parte* Application for Order Continuing Case Schedule Dates and Deadlines [59]. Defendant opposed [60], and

4

Plaintiff replied [61].

## II. DISCUSSION

**A.   Legal Standard**

    1.   <u>Motion for Review</u>

    Federal Rule of Civil Procedure ("Rule") 72 allows a party to object to a magistrate judge's rulings on matters not dispositive of a party's claims or defenses by filing a motion with the district judge.  The district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72.  Factual determinations are reviewed for clear error, and legal conclusions are reviewed to determine whether they are contrary to law. <u>Perry v. Schwarzenegger</u>, 268 F.R.D. 344, 348 (N.D. Cal. 2010)).  The clearly erroneous standard is "significantly deferential, requiring a definite and firm conviction that a mistake has been committed." <u>Concrete Pipe & Prods. v. Constr. Laborers Pension Trust</u>, 508 U.S. 602, 623 (1993).  The contrary to law standard is met when the ruling "fails to apply or misapplies relevant statutes, case law, or rules of procedure."  <u>New Age Imports, Inc. v. VD Importers, Inc.</u>, No. SACV1702154CJCKES, 2019 WL 1427468, at *3 (C.D. Cal. Feb. 21, 2019) (quoting <u>Defazio v. Wallis</u>, 459 F. Supp. 2d 159, 163 (E.D.N.Y. 2006)).

///

///

///

2.   Application to Continue

a.   *Ex Parte Relief*

"An *ex parte* application is a means of obtaining extraordinary relief and is appropriate in only rare circumstances." Santos v. TWC Admin. LLC, CV-13-04799-MMM (CWx), 2014 WL 12703021, at *1 (C.D. Cal. Sept. 15, 2014) (citing Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995)).   To justify *ex parte* relief, the movant must establish two things: (1) "the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures"; and (2) "the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." Mission Power Eng'g Co., 883 F. Supp. at 492.

b.   *Modifying Case Dates and Deadlines*

Under Federal Rule of Civil Procedure 16, "[a] schedule may be modified only for good cause and with the judge's consent."   Fed. R. Civ. P. 16(b).   "Good cause" to modify the scheduling order exists if the moving party shows that, even with the exercise of due diligence, he or she was unable to meet the timetable set forth in the order.   Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). "Although the existence or degree of prejudice to the party opposing the modification might supply additional

6

1  reasons to deny a motion, the focus of the inquiry is
2  upon the moving party's reasons for seeking
3  modification." <u>Id.</u>
4  **B.  Discussion**
5      1.  <u>Motion for Review</u>
6      "Parties may obtain discovery regarding any
7  nonprivileged matter that is relevant to any party's
8  claim or defense." Fed. R. Civ. Proc. 26(b)(1).
9  Relevant information "need not be admissible at trial,"
10 but must be "reasonably calculated to lead to the
11 discovery of admissible evidence." <u>Id.</u>
12     After review, the Court finds that Judge Abrams's
13 ruling was not clearly erroneous or contrary to law.
14 Judge Abrams's Order indicates that he granted
15 Plaintiff's Motion to Compel because he found that the
16 deposition of Mr. Murray, and the associated document
17 production requests, were relevant and proportional to
18 the needs of the case.[2]  Judge Abrams further concluded
19
20     [2] Judge Abrams did find that the deposition must be limited
   in scope in order to be proportionate to the needs of the case,
21 especially given that Plaintiff waited until the end of the
   discovery period to bring the issues surrounding this deposition
22 to the Court's attention.  Accordingly, Judge Abrams limited the
   scope of the deposition to:
23     (1) Mr. Murray's personal knowledge relating to defects
       in the N63 engine *as reflected in the exhibits produced*
24     *by plaintiff in the Motion that were created by Mr.*
       *Murray* (i.e., Tabash Decl. Ex. 17), and further limited
25     to (a) the specific N63 engine that was installed in
       plaintiff's vehicle and the issues relating to the N63
26     engine reflected in the repair history of plaintiff's
       vehicle, and (b) the same version of the N63 engine
27     that was installed in vehicles of the same make, model,
       and year as plaintiff's vehicle that experienced the
28

7

that Plaintiff sufficiently demonstrated that
Mr. Murray "may have some knowledge that is
relevant . . . specifically to [P]laintiff's
allegations of [D]efendant's willfulness pursuant to
the Song-Beverly Act . . . ."  Order on Mot. to Compel
at 4.

With respect to the requests for production, Judge
Abrams, after a thorough review of the case law,
concluded that the burden of producing the documents in
this Action differed from the burdens in the cases
Defendant cited in its Opposition to Plaintiff's Motion
to Compel. Here, Plaintiff seeks only the documents in
the possession, custody, and control of one person, Mr.
Murray.  In the cases Defendant relied on, however,
plaintiffs sought "all documents relating to a variety
of topics involving all cars nationwide . . . ."  Order
on Mot. to Compel at 9; <u>see</u>, e.g., <u>Jensen v. BMW of N.
Am., LLC</u>, 328 F.R.D. 557, 560 (S.D. Cal. 2019); <u>Putman
v. BMW of N. Am., LLC</u>, No. CV-17-3485-JAK (KSX), 2018
WL 6137160 (C.D. Cal. May 14, 2018); <u>Koeper v. BMW of</u>

same defects as reflected in the repair history of
plaintiff's vehicle; and (2) to the documents produced
in response to this Order as detailed below, relating
to defects in the N63 engine that was used in
plaintiff's vehicle **and** that were part of plaintiff's
vehicle's repair history, whether in plaintiff's
vehicle or in other vehicles of the same make, model,
and year as plaintiff's vehicle. Additionally, Mr.
Murray may be deposed with respect to any of the SIBs
or Customer Care packages issued by BMW to the extent
that work was actually performed on plaintiff's vehicle
pursuant to that SIB or Customer Care package.
Order on Mot. to Compel at 5.

N. Am., LLC, No. CV176154VAPJPRX, 2018 WL 6016915 (C.D. Cal. May 21, 2018). Judge Abrams did find, however, that Plaintiff's requests, as written, "[were] not proportional to the needs of the case." Order on Mot. to Compel at 10. Accordingly, he limited the requests for production to documents and communications in Mr. Murray's possession, custody, or control that pertained to "[P]laintiff's Vehicle and vehicles of the same make, model, and year as [P]laintiff's Vehicle with the N63 engine, and with the same 'engine defects' or symptoms experienced by [P]laintiff as reflected in his Vehicle's repair history." Order on Mot. to Compel at 10. Judge Abrams concluded that the requests for production in this narrowed scope were "relevant to the willfulness consideration under the Song-Beverly Act" and "proportional to the needs of this case." Id.

Judge Abrams's ruling was not clearly erroneous or contrary to law because he carefully considered the relevant case law and correctly applied Rule 26 by considering the relevance and proportionality of the discovery at issue—and in doing so even limited the scope of the discovery sought. The Court finds no mistake in Judge Abrams's conclusion that the deposition of Mr. Murray and the associated requests for production may contain information that is relevant to Defendant's willfulness under the Song-Beverly Act. Nor does this Court disagree with Judge Abrams's assertion that the discovery in issue, in its narrowed

scope, is proportionate to the needs of the case.

Accordingly, because this Court cannot find that Judge Abrams's rulings constituted clear error or were contrary to law, the Court **DENIES** Defendant's Motion for Review. Further, the Stay pending Motion for Review is lifted.

2. <u>Application to Continue</u>[3]

Given that this Court denies Defendant's Motion for Review, the Magistrate Judge's Order compelling the deposition of Mr. Murray and the related document production stands. Good cause exists to modify the case schedule to allow Plaintiff sufficient time to take the deposition of Mr. Murray, review the documents, and consult his experts. Further, while Defendant maintains—without any explanation as to why—that it would be prejudiced by rescheduling the dates and deadlines, here the Court must focus its inquiry on Plaintiff's reasons for seeking modification. Accordingly, the Court **GRANTS** Plaintiff's Application to Continue the dates and deadlines in this Action.

---

[3] The Court notes that this Application to Continue is not appropriate for *ex parte* relief. Plaintiff does not face **irreperable** injury if its Application to Continue is heard by a regularly noticed motion. Further, Plaintiff is not completely "without fault," as Plaintiff waited until just before the discovery cutoff, over 400 days after noticing Mr. Murray's deposition, to bring his Motion to Compel. However, in the interest of judicial economy and resolving the discovery-related issues in this Action, the Court will decide the Application to Continue on the merits.

## IV.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motion for Review and hereby lifts the Stay pending Motion for Review.   The Court **GRANTS** Plaintiff's Application to Continue and modifies the case schedule dates and deadlines as follows:

| Event | Current Date/Deadline | Amended Date/Deadline |
|---|---|---|
| Motion Deadline | October 22, 2019 | December 17, 2019 |
| Expert Cut-Off | November 19, 2019 | January 14, 2020 |
| Final Pretrial Conference Motions in Limine | January 7, 2020 | March 3, 2020 |
| Motions in Limine Oppositions | January 14, 2020 | March 10, 2020 |
| Motions in Limine Replies | January 21, 2020 | March 17, 2020 |
| Jury Trial | January 28, 2020 | March 24, 2020 |

**IT IS SO ORDERED.**

DATED: November 5, 2019        /s/ Ronald S.W. Lew

**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge